IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

01 MAR 30 AM 11: 36

| | | |
|---|---|---|
| JAMES G. ODOM, individually and as administrator of the estate of Ann Danuel, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CV-00-BU-1401-J |
| WAL-MART STORES, INC. and LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) | |
| Defendants. | ) | |

ENTERED
MAR 3 0 2001

## MEMORANDUM OPINION

The court has considered the entire court file, including the magistrate judge's report and recommendation entered March 14, 2001, the plaintiff's objections to it, and Life Insurance Company of North America's and Wal-Mart's responses to the plaintiff's objections. The court makes the additional comments concerning the plaintiff's objections.

There is no dispute that this court does not have jurisdiction over Worker's Compensation claims. The plaintiff asks, therefore, that the court sever his Worker's Compensation claim and remand it to state court.[1] This request to sever assumes that there is a claim which can properly be adjudicated in this court. The plaintiff states that

---

[1] No motion to remand has been filed in this case.

although claims for breach of contract and bad faith refusal to pay are preempted by ERISA, this court may hear an ERISA claim. The plaintiff states:

> If the Worker's Compensation case is severed and remanded to State Court, final adjudication might determine that Ann Danuel was in the course and scope of her employment under the Worker's Compensation Laws of Alabama. Although not determinative of the Federal cause of action the Plaintiff's claims under the Business Travel policy would be supported by the State Court's ruling.

Therefore, the plaintiff further requests that he be allowed to amend his complaint to allege an ERISA claim. The plaintiff, however, does not state even now that he attempted to comply with administrative remedies under ERISA, or that any attempt to comply would have been futile.

Wherefore, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings of the court. In accordance with the magistrate judge's report and in accordance with the further statements of the court, (1) Life Insurance Company of North America's motion to dismiss the CIGNA defendants (Ct. Doc. 13) is due to be granted, with LINA substituted for the CIGNA defendants; (2) Wal-Mart's motion to dismiss (Ct. Doc. 5) is due to be granted and its motion to sever (Ct. Doc. 4) is due to be deemed moot, (3) LINA's motion to dismiss (Ct. Doc. 12) is due to be granted, and (4) the plaintiff's leave to amend his complaint (Plaintiff's Objections, Ct. Doc. 22) is due to be denied. An order in accordance with this memorandum opinion will be entered.

DATED this 29th day of March, 2001.

H. Dean Buttram, Jr.
United States District Judge

-2-